## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANGELO DIXON, | ) | |
| AIS #000248282 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 1:20-cv-303-TFM-N |
| | ) | |
| CHADWICK CRABTREE,[1] Warden,) | | |
| Limestone Correctional Facility | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Michael Angelo Dixon ("Dixon"), an Alabama prisoner proceeding without counsel (*pro se*), initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).[2] The assigned District Judge referred Dixon's habeas petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to

---

[1] The Clerk of Court is **DIRECTED** to terminate Deborah Toney as defendant/respondent in this action and to add Chadwick Crabtree as defendant/respondent. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" if the petitioner is currently in state custody. The Alabama Department of Corrections online inmate directory shows that Dixon is currently incarcerated at Limestone Correctional Facility, where Chadwick Crabtree is acting as Warden.

[2] Dixon filed his original habeas petition using an outdated court form, and the Court ordered Dixon to refile his petition. (Doc. 1; Doc. 3). Dixon complied and filed a new habeas petition on the Court's proper form, certified as delivered to prison officials for mailing on June 17, 2020 (Doc. 4). The undersigned treats Dixon's June 17, 2020 petition (Doc. 4), along with the memorandum attached to his initial petition (Doc. 1), as Dixon's operative habeas petition.

develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. Pursuant to this authority, the undersigned has thoroughly reviewed Dixon's petition, the answer filed by Respondent, the record, and all other filings in this action and recommends that the petition be dismissed as barred by the doctrines of exhaustion and procedural default.

## I.    RELEVANT BACKGROUND

On January 30, 2018, in the Circuit Court of Mobile County, Alabama (Case No. CC-16-6094), a jury convicted Dixon of first-degree robbery in violation of Ala. Code § 13A-8-41(a), and on March 8, 2018, the circuit court sentenced him to 360 months' imprisonment. (Doc. 10-1, pp. 17-20). At the sentencing hearing, Dixon gave oral notice of appeal and was appointed appellate counsel. (Doc. 10-1, p. 19).

### A.  Direct Appeal

On direct appeal to the Alabama Court of Criminal Appeals ("ACCA"), Dixon's court-appointed counsel filed a brief and a motion to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967),[3] asserting he had found no meritorious issues for the ACCA to review on appeal. (Doc. 10-3). The ACCA permitted Dixon's appointed counsel to withdraw and gave Dixon permission to file *pro se* a list of issues he wanted the ACCA to review on appeal. (Doc.

---

[3]    This process, known as the "*Anders* Procedure", offers a way for court-appointed attorneys to fulfill their obligations to represent indigents client while simultaneously meeting their ethical obligations to the Court to raise only nonfrivolous issues. *See U.S. v. Williams*, 29 F.4th 1306, n. 2 (11th Cir. 2022) (summarizing *Anders*).

10-4). In response, Dixon asked the ACCA to review only one enumerated issue—whether he had been constructively, or actually, denied the effective assistance of counsel at trial. (Doc. 10-5, p. 6). Embedded in his argument, but not separately itemized, Dixon also suggested he had been denied a fair trial. (Doc. 10-5, pp. 9-10). The ACCA found no colorable issues and affirmed the circuit court's judgment by memorandum opinion issued August 31, 2018. (Doc. 10-7). Dixon sought no further review on direct appeal, and the ACCA issued a certificate of judgment on September 19, 2018. (Doc. 10-8).

      B.  <u>Alabama Rule 32 Proceedings</u>

      Having found no success in the ACCA, Dixon petitioned the Circuit Court of Mobile County, Alabama in November 2018 for post-conviction relief under Alabama Rule of Civil Procedure 32 ("<u>Rule 32 Petition</u>"). (Doc. 10-9, pp. 8-26). In that petition, Dixon argued—like he had in his direct appeal—that he was constructively, or actually, denied the effective assistance of counsel at trial. (Doc. 10-9, pp. 18-25). Dixon's Rule 32 Petition also challenged for the first time the effectiveness of his court-appointed appellate counsel. (Doc. 10-9, p. 24). In addition, Dixon tersely alleged he had been denied a fair trial and access to the courts, but he did not separately identify these as claims for relief. (Doc. 10-9, pp. 22-23).

      The circuit court dismissed Dixon's Rule 32 Petition. (Doc. 10-9, pp. 50-58). As to his claim for constructive denial of counsel, the circuit court ruled that Dixon failed to plead, and the record failed to support, that trial counsel was "inert" or that Dixon was otherwise deprived of the "guiding hand of counsel" as required to state a claim

for constructive denial of counsel. (Doc. 10-9, pp. 53-54). As to Dixon's alternate theory that he had received ineffective assistance of counsel, the circuit court found that trial counsel's strategy was reasonable and did not support an ineffective assistance of counsel claim. (Doc. 10-9, pp. 54-56). The circuit court also dismissed Dixon's claims challenging the effectiveness of his appellate counsel. (Doc. 9, pp. 56-58).

Dixon appealed to the ACCA. (Doc. 10-9, p. 60). His supporting brief listed only two issues for appeal: (1) "Constructive Denial/Ineffective Assistance of Trial Counsel" and (2) "Denial/Ineffective Assistance of Appellate Counsel". (Doc. 10-10, p. 3). In keeping with his other filings, Dixon again made surface-level references to being denied a fair trial and to suffering various other constitutional violations, but he never identified them as claims for relief. (Doc. 10-10, pp. 6-7).

The ACCA affirmed the dismissal of Dixon's Rule 32 Petition by memorandum opinion issued January 31, 2020. (Doc. 10-12). In the ACCA's view, Dixon's appellate brief failed to satisfy Alabama Rule of Appellate Procedure 28(a)(10) which requires that an appellant's argument contain not only the appellant's contentions but also the reasons therefore, with citations to the record and sufficient legal authority. (Doc. 10-12, p. 2). Furthermore, the ACCA reasoned, even if the arguments had been properly presented to the court, Dixon's ineffective assistance claim still lacked merit because of the deference due to trial counsel's strategy decisions and the presiding judge's view of whether those decisions were reasonable. (Doc. 10-12, pp. 3-7). Because Dixon's claims related to his trial counsel failed, so too did his claims related to appellate counsel. (Doc. 12, p. 7).

Dixon asked the ACCA to reconsider. (Doc. 10-13). His application for rehearing, which largely restated arguments he had previously made, was summarily overruled on February 21, 2020. (Doc. 10-13; Doc. 10-14).

Next Dixon petitioned the Alabama Supreme Court for a writ of certiorari. (Doc. 10-15). He identified the issue presented to include whether "trial counsel violated his right to a fair trial" and pointed summarily to the Bill of Rights, the First Amendment, and "a substantive, fundamental Due Process right." (Doc. 10-15, p. 13); (Doc. 10-15, p. 15-16) (fleetingly referencing a fair trial issue). The Alabama Supreme Court summarily denied Dixon's petition for a writ of certiorari on April 10, 2020. (Doc. 10-16).

C. <u>Federal Habeas Proceedings</u>

Having been denied relief in the Alabama courts, Dixon filed this habeas action in May 2020. (Doc. 1). Dixon offers three theories for why he is entitled to relief: (1) that he was denied effective assistance of trial counsel; (2) that he was convicted for a different crime than the one charged in his indictment; and (3) that he was denied a fair trial. (Doc. 4).

The Respondent, through the Office of the Attorney General of the State of Alabama ("<u>the State</u>"), filed an answer asserting that Dixon's habeas petition is due to be dismissed with prejudice as procedurally defaulted. (Doc. 10). Dixon filed a "rebuttal" to the State's answer dated September 24, 2020. (Doc. 11).

On May 28, 2021, the undersigned issued an order explaining that Dixon's habeas claims appeared to be unexhausted and/or procedurally defaulted. (Doc. 13).

Dixon was given an opportunity to show cause why his habeas petition should not be dismissed, and he filed a reply on July 22, 2021. (Doc. 13; Doc. 14). Dixon also filed a motion to supplement the record with information pertaining to a separate criminal case involving the unauthorized possession of a firearm, the dismissal of which he contends is relevant to his habeas petition. (Doc. 15). For the reasons set forth below, Dixon's habeas petition and his motion to supplement the record should be denied.

## II.    ANALYSIS

In his habeas petition, Dixon asserts three grounds for relief:

**Ground One** – Dixon's trial counsel rendered unconstitutionally ineffective assistance by making repeated statements to the jury that Dixon was "guilty of stealing," over Dixon's objections. ("Ineffective Counsel Claim")

**Ground Two** – Dixon was convicted and sentenced for first-degree robbery, but the indictment only charged second-degree robbery. ("Indictment Claim")

**Ground Three** – Trial counsel's errors, consisting of the errors asserted in Ground One as well as others, denied Dixon a "substantive right to a fair trial." ("Fair Trial Claim")

As explained in more detail below, all three claims are unexhausted and procedurally defaulted.

    A.    Grounds Two and Three are unexhausted, and Grounds One, Two, and Three are procedurally defaulted.

28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant *has exhausted the remedies available in the courts of the State…*" (emphasis added). Exhaustion has not occurred if "[the

petitioner] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Practically speaking, this means that Alabama's courts must have had a chance to rule on Dixon's federal claims before those claims can come to this Court through a federal habeas petition.[4]

The Supreme Court has described the exhaustion requirement like this:

> "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, … state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). This includes "review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (citing *O'Sullivan*, 526 U.S. at 845). In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. *See Price v. Warden, Att'y Gen. of Ala.*, 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala. R. App. P. 4, 39, 40. Grounds Two and Three of Dixon's habeas petition are unexhausted because they have not been through a complete round of Alabama's appellate review process.

---

[4] This exhaustion requirement may be excused "if there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Nothing in the record supports a determination that those exceptions apply in this case.

To begin, Ground Two (the Indictment Claim) is plainly unexhausted because it was not raised at *any* point in Dixon's direct appeal or post-conviction proceedings. This means the Alabama courts have not had even a single opportunity to address Dixon's issues with his indictment. On its face then, the Indictment Claim is not properly before this Court. *See Picard v. Connor*, 404 U.S. 270, 277-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (holding that "the substance of a federal habeas corpus claim must first be presented to the state courts"); *Kelley*, 377 F.3d at 1343 ("Habeas petitioners generally cannot raise claims in federal court that were not first exhausted in state court.").

Ground Three (the Fair Trial Claim) requires a little more analysis. Unlike Ground Two, Ground Three was at least mentioned in the Alabama courts—Dixon passively complained in some of his post-conviction filings that his trial counsel's ineffectiveness prevented him from having a fair trial. (Doc. 10-9, pp. 22-23, 62; Doc. 10-10, pp. 6-7; Doc. 10-15, pp. 13, 15-16). It is still unexhausted though. Simply mentioning some alleged harm, without more, is not enough to satisfy the exhaustion requirement. *See Kelley*, 377 F.3d at 1343-45 (construing exhaustion to require a habeas petitioner to "present [his] claims to the state court such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation" and "do more than scatter some makeshift needles in the haystack of the state court record").[5]

---

[5] Regardless, even if Dixon's direct appeal and/or Rule 32 filings could be liberally construed to allege a fair trial claim, the Fair Trial Claim in his habeas petition would still be dismissed as procedurally defaulted for the reasons set forth in this Report and Recommendation.

The exhaustion doctrine works hand-in-hand with another important doctrine in the habeas space—the doctrine of procedural default. The Eleventh Circuit has adeptly described how procedural default functions:

> "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."

*Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (per curiam) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)). In other words, claims not <u>properly</u> presented to a state's courts can only be brought in federal court under limited circumstances.

There are two ways procedural default can arise. One way is if the petitioner never raised a claim in state court, and that unexhausted claim would now be procedurally barred due to a state-law procedural rule. *Id*. at 1303 (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir.), *cert. denied*, 525 U.S. 963, 119 S. Ct. 405, 142 L. Ed. 2d 329 (1998)) (additional citation omitted). The second way procedural default can occur is where the petitioner *does* bring his federal claim in state court, and the state court dismisses the claim under a procedural default principle of state law. *Id*. at 1302 (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir.), *cert. denied*, 515 U.S. 1165, 115 S. Ct. 2624, 132 L. Ed. 2d 865 (1995); *Meagher v. Dugger*, 861 F.2d 1242, 1245 (11th Cir.1988)).

Ground Two (the Indictment Claim) and Ground Three (the Fair Trial Claim) suffer from the first type of procedural default. As explained above, both of these claims are unexhausted because they have not been subject to "one <u>complete</u> round of

the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added). Under Alabama law, any future attempts at exhaustion of those claims would be futile, as Alabama generally precludes the filing of successive Alabama Rule 32 petitions, in particular "a successive petition on the same or similar grounds on behalf of the same petitioner." Ala. R. Crim. P. 32.2(b). Therefore, Grounds Two and Three are procedurally defaulted.

Ground One (the Ineffective Counsel Claim) is barred by the second type of procedural default, *i.e.*, the claim was raised to the Alabama courts, but it was dismissed under a state-law procedural rule—Alabama Rule of Appellate Procedure 28(a)(10). (Doc. 10-12, pp. 2-3).[6] In analyzing this type of procedural default, this Court must look at "whether the last state court rendering judgment expressly stated that its judgment rested on a procedural bar, i.e., *an adequate and independent state ground*." *Bailey*, 172 F.3d at 1303 (emphasis added). A three-part test determines whether a state court decision rests upon "independent and adequate" procedural grounds:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. *See Card v. Dugger*, 911 F.2d 1494, 1516 (11th Cir. 1990). Secondly, the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." *Id.* Finally, the state procedural rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine. *Id.* at 1517.

---

[6] The same reasoning would apply to Ground Three (the Fair Trial Claim) if it had been exhausted in the Alabama courts.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

The undersigned finds the ACCA's procedural ruling constitutes an independent and adequate state rule of decision. First, the ACCA "expressly stated" that Dixon's arguments were "deemed waived" because he "failed to comply with the requirements of Rule 28(a)(10)," and made clear that it was only addressing the merits of those arguments "even assuming [they] were properly before [the ACCA] for review…" (Doc. 10-12, pp. 2-3).[7] Second, there is no indication the ACCA's application of Ala. R. App. P. 28(a)(10) is "intertwined with an interpretation of federal law." Third, the application of Ala. R. App. P. 28(a)(10) in Dixon's appeal does not appear to have been "applied in an arbitrary or unprecedented fashion," as that rule is regularly applied by the ACCA, *see, e.g.*, *Hodges v. State*, 926 So.2d 1060, 1074-75 (Ala. Crim. App. 2005); *C.B.D. v. State*, 90 So.3d 227, 239 (Ala. Crim. App. 2011), and the State expressly argued for its application in its brief in response to Dixon's petition (*see* Doc. 10-11, pp. 10-12). Several Alabama district court decisions have found Alabama Rule of Appellate Procedure 28(a)(10) to be an "adequate state rule of decision" supporting procedural default. *See Taylor v. Dunn*, No. CV 14-0439-WS-N, 2018 WL 575670, at *13-20 (S.D. Ala. Jan. 25, 2018) (Steele, J.), *certificate of appealability denied*, *Taylor v. Ala. Dep't of Corr.*, No. 18-11523-P, 2018 WL 8058904 (11th Cir. Oct. 5, 2018) (Tjoflat, J.), *cert. denied*, *Taylor v. Dunn*, 139 S. Ct. 2016, 204 L. Ed. 2d 216 (2019); *Shipp v. Myers*, No. 515CV00669AKKJHE, 2018 WL 1702410,

---

[7] The fact that a state court chooses to address the merits of a claim as an alternative to rejecting it on procedural grounds does not preclude a finding of procedural default, so long as the procedural ground is "independent and adequate." *See Bailey*, 172 F.3d at 1305.

at *8-14 (N.D. Ala. Feb. 26, 2018) (England, M.J.), *recommendation adopted*, 2018 WL 1583170 (N.D. Ala. Mar. 30, 2018) (Kallon, J.); *Marshall v. Dunn*, 497 F. Supp. 3d 1124, 1172-73 (N.D. Ala. 2020) (Kallon, J.).

To further support the conclusion that the ACCA reasonably resolved Dixon's claims, the undersigned acknowledges that Ala. R. App. P. 28(a)(10) is a procedural rule petitioners must either adhere to, or else their claims are waived. *Ex parte Borden*, 60 So.3d 940, 942-43 (Ala. 2007) (quoting *Hamm v. State*, 913 So.2d 460, 491 (Ala. Crim. App. 2002)) ("Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed."). Granted, Rule 28(a)(10) should not be used to hastily dispose of appeals, but application of the rule is appropriate where "there is no argument presented in the brief and there are few, if any, citations to relevant legal authority, resulting in an argument consisting of undelineated general propositions." *Id*. at 944 (collecting cases that were properly dismissed under Rule 28(a)(10)).

Appellant's entire brief to the ACCA in his Rule 32 proceeding was only eight pages long, with most of it simply recounting the procedural history of the case and narrating Dixon's view of what the evidence at his trial showed or did not show. (Doc. 10-10). Barely two pages of Dixon's brief are devoted to his argument that trial counsel was ineffective, and he cited only a single federal circuit court case, a case purportedly issued by the Tenth Circuit Court of Appeals in 1983 (though the undersigned has been unable to locate it with the citation provided in Dixon's brief).[8] (Doc. 10-10, p. 3).

---

[8] Dixon cited to the same case ("Osburn v. Shillinger") in a Reply filed in this Court on July 22, 2021. (Doc. 14, p. 6). However a search of the citation given in the Dixon's Reply

Under these circumstances, the undersigned cannot find that the ACCA applied Ala. R. App. P. 28(a)(10) arbitrarily.

Before concluding, the undersigned addresses Dixon's oft-repeated assertion that *McCoy v. Louisiana*, -- U.S. --, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018), mandates he be given habeas relief. (Doc. 1, pp. 7, 40; Doc. 14, pp. 9-10). At the core of this argument is Dixon's belief that his trial attorney committed a "structural error" under *McCoy* by telling the jury Dixon had shoplifted (but was not guilty of robbery). *McCoy* is distinguishable from Dixon's case.

In *McCoy*, the United States Supreme Court confronted a case where a criminal defendant, McCoy, was on trial for capital murder. *Id*. at 1505. McCoy "vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt." *Id*. Nevertheless McCoy's trial attorney, at the guilt phase of the capital trial, told the jury McCoy had murdered the victims and was guilty. *Id*. The United States Supreme Court found error at the trial court level and issued the following holding:

> We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty.

*Id*. Dixon's case is not like McCoy's. Unlike McCoy, Dixon's attorney never conceded guilt for the criminal act charged, here first-degree robbery. *See id*. at 1509 (discussing a criminal defendant's right to "maintain innocence of the *charged criminal acts*")

---

returns *Hartwick College v. United States*, 801 F.2d 608 (2d Cir. 1986), not the case Dixon purports to rely upon.

(emphasis added). Further, unlike McCoy, Dixon does not claim he was innocent; he merely contests the way the evidence against him was portrayed. Finally, Dixon's case does not arise from a capital charge like McCoy's did. *See id.* at 1508 (a criminal defendant "may insist on maintaining her innocence at the guilt phase of *a capital trial*") (emphasis added). Given these differences, the undersigned does not find *McCoy* to mandate habeas relief, even if Dixon's claims were not otherwise procedurally barred.

To conclude, Grounds Two and Three were never sufficiently raised before the Alabama courts, and they are unexhausted and procedurally barred. Ground One, though it was raised before the Alabama courts, was properly dismissed on a state-law procedural ground, and it is procedurally defaulted here. Thus, all three claims are due to be dismissed unless Dixon could show cause for the default and some resulting prejudice, or that he would suffer a fundamental miscarriage of justice through the procedural bar of his claims. *See Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). He cannot show either.

As the Eleventh Circuit has explained,

A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice. Cause exists if there was "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel. *Id.* In addition to cause, the petitioner must also show prejudice: that "there is at least a reasonable probability

that the result of the proceeding would have been different" had the constitutional violation not occurred. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003).

Even without cause and prejudice, the procedural default of a constitutional claim may be excused if enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). By making this showing of actual innocence, the petitioner may overcome the procedural default and obtain federal review of the constitutional claim. *Id.*

*Mize*, 532 F.3d at 1190. This Court's previous order (Doc. 13) indicated there was no support in the record to excuse the procedural default of Dixon's claims. Dixon replied to that order, but his newest filing still fails to excuse his procedural default.[9] (Doc. 14).

Neither Dixon's original filings nor his reply allege facts that indicate the "cause and prejudice" exception applies to his case. Accordingly, the undersigned focuses on whether the second exception—existence of a fundamental miscarriage of justice—might save Dixon's habeas claims. Dixon offers the following argument on this point:

Then there is a reasonable likelihood that no reasonable juror would have found Dixon guilty. Because of the plain and simple fact, <u>that there was never any evidence of Dixon having stolen anything the day in question. Nor was there any evidence of Dixon's ownership of the weapon found</u>. Thus there was nothing, not even eyewitness testimony that Dixon stole anything.

---

[9] Rather than tackle the deficiencies of his case as raised in the undersigned's May 28, 2021 Order, Dixon's reply largely focuses on the reasons Dixon did not pursue his Ineffective Counsel Claim on direct appeal. Admittedly this issue was mentioned in the Court's May 28, 2021 Order, but it is not the ultimate reason Dixon's claim is procedurally defaulted. As already explained, Dixon's Ineffective Counsel Claim is procedurally defaulted because the Alabama courts already dismissed it under Alabama Rule of Appellate Procedure 28(a)(10).

(Doc. 14, p. 8) (emphasis in original). This statement does not show that Dixon is entitled to the "fundamental miscarriage of justice" exception to procedural default.

The "fundamental miscarriage of justice" exception is warranted only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 476, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). This means actual innocence, not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998). The burden on a petitioner is high. Not only must a petitioner show that it is more likely than not no reasonable juror would have convicted him, but he must also base the claim of actual innocence on new and reliable evidence not presented at trial. *Mize*, 532 F.3d at 1190. Dixon has not met either part of this standard. First, though Dixon complains about what the evidence at his trial showed, the undersigned sees nothing in the record where Dixon claims he is actually innocent. Nor has he offered any new evidence to suggest he is innocent. Furthermore, even though Dixon now claims there is insufficient evidence supporting his conviction, the Court notes that Dixon previously represented to the Alabama Supreme Court that: "Dixon did not present a sufficiency of the evidence claim in his prior appeals, nor does he do so now." (Doc. 10-15, p. 13). Given these things, the undersigned cannot find that the "fundamental miscarriage of justice" exception excuses Dixon's procedural default.

In sum, Dixon's habeas claims are unexhausted and/or procedurally defaulted, and the undersigned finds no "cause or prejudice" or "miscarriage of justice" that excuses the default. Dixon's habeas petition is due to be dismissed.

B. <u>Dixon is not entitled to an evidentiary hearing</u>.

Dixon has requested an evidentiary hearing on his habeas claims. (Doc. 1, p. 23; Doc. 14, p. 11). Section 2254 sets limits on when a federal habeas court may or should hold an evidentiary hearing in a Section 2254 case:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court <u>shall not hold an evidentiary hearing</u> on the claim <u>unless</u> the applicant shows that-
>
> > (A) <u>the claim relies on</u>-
> >
> > > (i) <u>a new rule of constitutional law</u>, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a <u>factual predicate that could not have been previously discovered</u> through the exercise of due diligence; <u>and</u>
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, <u>no reasonable factfinder would have found the applicant guilty of the underlying offense</u>.

28 U.S.C. § 2254(e)(2) (emphasis added). The Eleventh Circuit has interpreted this provision to place "a fairly stringent limitation on the power of the federal courts to order evidentiary hearings in habeas cases." *Breedlove v. Moore*, 279 F.3d 952, 959 (11th Cir. 2002). That same court has also instructed that it is appropriate to deny an evidentiary hearing "if such a hearing would not assist in the resolution of [a petitioner's] claim." *Id*. at 960.

The undersigned has carefully reviewed the record and concludes that Dixon is not entitled to an evidentiary hearing. Dixon's claims are all unexhausted and/or procedurally barred, and an evidentiary hearing on Dixon's allegations would not

change that outcome. Accordingly, the undersigned recommends Dixon's request for an evidentiary hearing be denied.

   C.  Dixon is not entitled to appointed counsel in these habeas proceedings.

   Dixon has also requested that the Court appoint him counsel to represent him in these habeas proceedings. (Doc. 1, p. 23; Doc. 14, p. 11). As a starting point, the undersigned notes there is no constitutional right to counsel in non-capital habeas cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). However, counsel may be appointed for a financially eligible person in a habeas action if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). There are no "interests of justice" in Dixon's case that justify appointing counsel. His habeas petition is not complex, and the grounds for dismissal are evident from the record before the Court. Furthermore, in the event the District Judge adopts the undersigned's recommendation for disposition of Dixon's petition, Dixon's request will be moot. As such, the undersigned recommends denying Dixon's request for appointment of counsel.

   D.  Dixon's motion to supplement the record is due to be denied.

   Dixon also filed a motion to supplement the record with information pertaining to a separate criminal case involving the unauthorized possession of a firearm, the dismissal of which he contends is relevant to his habeas petition. (Doc. 15). For the reasons already set forth, Dixon's habeas claims are due to be denied. The additional information offered in Dixon's motion to supplement does not change the outcome of

this decision. Accordingly, the undersigned recommends that Dixon's motion to supplement (Doc. 15) be denied.

     E.  <u>Certificate of Appealability</u>

     Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (COA) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). When a habeas petition has been denied on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner seeking a COA must show: (1) "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling,' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right.'" *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)).

     In this case, Dixon's claims all are unexhausted and/or procedurally defaulted, and he has not presented this Court with any basis to excuse his procedural bar. In the undersigned's view, reasonable jurists would not debate that Dixon's Section 2254 habeas petition must be dismissed. Accordingly, Dixon is not entitled to a certificate of appealability as to any of the claims raised in his habeas corpus petition.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties are instructed that, if there is an objection to the undersigned's recommendation against a COA, those objections are to be raised before the district judge in the same way as objections to this report and recommendation are raised, as explained at the end of this document.

## III.  CONCLUSION

The undersigned finds that Dixon's habeas corpus claims are all unexhausted and/or procedurally defaulted. Accordingly, the undersigned **RECOMMENDS** that Dixon's operative petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this action be **DENIED** and **DISMISSED with prejudice**, that the Court **DENY** Dixon a Certificate of Appealability as to said dismissal, and that final judgment be entered in accordance with Federal Rule of Civil Procedure 58.

The undersigned also **RECOMMENDS** that Dixon's Motion to Supplement the Record (Doc. 15), as well as his requests for an evidentiary hearing and appointment of counsel, be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D.

Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **6th** day of **July 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**